# Notice of Removal

# EXHIBIT A

USDC IN/ND case 2:22-cv-00259-JEM-JPK document 1-1 filed 09/02/22 page 2 of 30

Filed: 8/4/2022 7:24 PM
Clerk
Porter County, Indiana

64D05-2208-CT-006515
Porter Superior Court 5

| STATE OF INDIANA | ) | IN THE PORTER SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF PORTER | ) | SITTING AT VALPARAISO, INDIANA |

RASHON RICHARDSON and )
LATARASHA FOY-RICHARDSON, )
    Plaintiffs, )
     )
v. ) CAUSE NO.:
     )
ARCELORMITTAL BURNS HARBOR LLC, )
ARCELORMITTAL USA LLC, )
CLEVELAND-CLIFFS BURNS HARBOR LLC, )
and CLEVELAND-CLIFFS STEEL LLC, )
    Defendants. )

## COMPLAINT AND JURY DEMAND

Come now the Plaintiffs, Rashon Richardson and Latarasha Foy-Richardson, by counsel, Benjamin D. Fryman of Schwerd, Fryman & Torrenga, LLP, and for their Complaint against the Defendants, ArcelorMittal Burns Harbor LLC, ArcelorMittal USA LLC, Cleveland-Cliffs Burns Harbor LLC, and Cleveland-Cliffs Steel LLC (collectively referred to herein as "ArcelorMittal") allege and say as follows:

1. That Plaintiffs are residents of South Carolina.

2. That at all times relevant herein, ArcelorMittal was a corporate entity licensed to do business in the State of Indiana and actively engaged in doing business in Burns Harbor, Porter County, Indiana.

3. That on September 9, 2020, Plaintiffs were independent truck drivers working on premises owned, managed, maintained, supervised, operated, inspected, and otherwise controlled by ArcelorMittal located at or near 250 US 12, Burns Harbor, Porter County, Indiana.

4. That on September 9, 2020, while Plaintiffs were working on ArcelorMittal's premises, they were struck by an ArcelorMittal train, and suffered severe injuries and damages.

5. That ArcelorMittal permitted a company train to strike Plaintiffs' truck while Plaintiffs were unloading a trailer while on ArcelorMittal premises.

6. That on September 9, 2020, ArcelorMittal owed Plaintiffs a duty to use reasonable care in, among other things, the ownership, management, supervision, operation, inspection, and/or control of Defendants' premises, including those operations being conducted at or near the loading/unloading dock areas.

7. That on September 9, 2020, ArcelorMittal breached the foregoing duties and were negligent and/or reckless in one or more of the following ways:

    a. ArcelorMittal failed to exercise reasonable care in the ownership, management, supervision, operation, inspection, and/or control of Defendants' premises where drivers operate, park and/or load trucks and in the operation and control of trains on Defendants' premises;

    b. ArcelorMittal caused and otherwise allowed unreasonable and dangerous conditions to exist on Defendants' premises, including the failure to reasonably inspect and monitor the area where trucks are operated, parked, and/or loaded; failure to provide adequate space and safe conditions for drivers to work; loading the truck in an unsafe manner; forcing Plaintiffs to work in dangerous conditions;

    c. ArcelorMittal failed to provide a safe work place for Plaintiffs and others similarly situated because of unreasonable and/or inadequate training, precautions, safety rules, procedures, warnings, security, protection, supervision, and to otherwise take reasonable and necessary steps to keep drivers safe; and

    d. ArcelorMittal failed to safely and reasonably control and operate trains on its premises, control train traffic on its premises, and prevent its train from colliding with the Plaintiffs.

8. That as a direct and proximate result of the negligence and/or recklessness of ArcelorMittal, Plaintiffs were injured, including, among other things, injuries to Rashon Richardson's legs, and severe injuries to Latarasha Foy-Richardson's back, neck, shoulders, head, and legs.

9. That as a direct and proximate result of the Defendants' negligence and/or recklessness, Plaintiffs sustained severe personal injuries, incurred emergency medical bills and other medical expenses, as well as suffered physical pain.

10. That as a direct and proximate result of the Defendants' negligence and/or recklessness, Plaintiffs suffered damages, including but not limited to loss of each other's services, loss of love and companionship, loss of income, medical expenses, and attorney fees for pursuing this action.

WHEREFORE, the Plaintiffs, Rashon Richardson and Latarasha Foy-Richardson, respectfully request judgment in their favor and against the Defendants, ArcelorMittal Burns Harbor LLC, ArcelorMittal USA LLC, Cleveland-Cliffs Burns Harbor LLC, and Cleveland-Cliffs Steel LLC, for compensatory damages in an amount to be determined by this action, for the costs of this action, interest, and for any and all other just and proper relief in the premises.

Respectfully submitted,

SCHWERD, FRYMAN & TORRENGA, LLP
Attorneys for Plaintiffs

BY: BENJAMIN D. FRYMAN
Attorney No. 25577-64
825 E. Lincolnway
Valparaiso, Indiana 46383
(219) 841-5683

## JURY DEMAND

Plaintiffs, Rashon Richardson and Latarasha Foy-Richardson, demand trial by jury on all issues and claims.

Respectfully submitted,
SCHWERD, FRYMAN & TORRENGA, LLP
Attorneys for Plaintiffs

BY: BENJAMIN D. FRYMAN
Attorney No. 25577-64
825 E. Lincolnway
Valparaiso, Indiana 46383
(219) 841-5683

USDC IN/ND case 2:22-cv-00259-TLS-JEM document 1-1 filed 09/02/22 page 5 of 20

64D05-2208-CT-006515

Filed: 8/4/2022 7:24 PM
Clerk
Porter County, Indiana

Porter Superior Court 5

| STATE OF INDIANA | ) | IN THE SUPERIOR COURT OF PORTER COUNTY |
| --- | --- | --- |
| | ) SS: | SITTING AT |
| COUNTY OF PORTER | ) | VALPARAISO, INDIANA |

RASHON RICHARDSON and )
LATARASHA FOY-RICHARDSON )
    Plaintiffs, )
vs. )
)
ARCELORMITTAL BURNS HARBOR LLC, )
ARCELORMITTAL USA LLC, )
CLEVELAND-CLIFFS BURNS HARBOR LLC, )
and CLEVELAND-CLIFFS STEEL LLC, )
    Defendants. )

# S U M M O N S

THE STATE OF INDIANA TO DEFENDANT:    ARCELORMITTAL USA LLC
c/o C T CORPORATION SYSTEM
334 North Senate Avenue
Indianapolis, Indiana 46204

You have been sued by the persons(s) identified as "Plaintiff" in the court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you received the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service hereby designated: __certified mail, return receipt requested__

Attorney for Plaintiffs
BENJAMIN D. FRYMAN, Attorney No. 25577-64
**SCHWERD, FRYMAN & TORRENGA, LLP**
825 E. Lincolnway
Valparaiso, Indiana 46383
(219) 841-5683

Date: 8/5/2022

_OBailey_
Clerk of the Porter Circuit and Superior Courts
HO
By _____
    Deputy Clerk

[SEAL: CIRCUIT AND SUPERIOR COURTS, PORTER COUNTY, INDIANA]

---

**PREPARATION DATA:**
All Summons are to be prepared in triplicate with the original of each to be placed in the Court file with two copies available for service.
If service is by certified mail, a properly addressed envelope shall be provided for each Defendant.
Certified mail labels and return receipts must also be furnished for each mailing and the cause number must appear on each return receipt, which shall be returnable to the Clerk at the address of the Court.

### CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, _____, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant, _____ by _____ mail, return receipt requested, at the address furnished by the Plaintiff.

Clerk of the Porter Circuit and Superior Courts

Dated: _____          By _____
                                   Deputy Clerk

### RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____ was accepted by the Defendant on the day of _____, _____.

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT was returned not accepted on the _____ day of _____, _____.

Clerk of the Porter Circuit and Superior Courts

Dated: _____          By _____
                                   Deputy Clerk

### RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1. By delivering on _____, _____, a copy of this SUMMONS and a copy of the COMPLAINT and all other materials filed the same date to each of the within named person(s).

2. By leaving on _____, _____, for each of the within named person(s) the SUMMONS and a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of in _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, and by mailing a copy of the SUMMONS without the COMPLAINT to the same named person(s) at the address listed therein.

3. This SUMMONS came to hand this date, _____, ____. The within named was not found in my bailiwick this date, _____, _____.

ALL DONE IN PORTER COUNTY, INDIANA.

SHERIFF OF PORTER COUNTY, INDIANA

By _____

### SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT and all materials filed the same date attached thereto were received by me at _____ in _____, Indiana, on this date, _____, _____.

_____
Signature of Defendant

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE SUPERIOR COURT OF PORTER COUNTY |
| | ) SS: | SITTING AT |
| COUNTY OF PORTER | ) | VALPARAISO, INDIANA |

RASHON RICHARDSON and )
LATARASHA FOY-RICHARDSON )
    Plaintiffs, )
     )
vs. )
     )
ARCELORMITTAL BURNS HARBOR LLC, )
ARCELORMITTAL USA, LLC, )
CLEVELAND-CLIFFS BURNS HARBOR LLC, )
and CLEVELAND-CLIFFS STEEL LLC, )
    Defendants. )

# S U M M O N S

**THE STATE OF INDIANA TO DEFENDANT:**  **CLEVELAND-CLIFFS BURNS HARBOR LLC**
**c/o C T CORPORATION SYSTEM**
**334 North Senate Avenue**
**Indianapolis, Indiana 46204**

You have been sued by the persons(s) identified as "Plaintiff" in the court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you received the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service hereby designated: __certified mail, return receipt requested__

Attorney for Plaintiffs
BENJAMIN D. FRYMAN, Attorney No. 25577-64
**SCHWERD, FRYMAN & TORRENGA, LLP**
825 E. Lincolnway
Valparaiso, Indiana 46383
(219) 841-5683

Date: 8/5/2022

_OBaily_
Clerk of the Porter Circuit and Superior Courts
HO
By _____
                Deputy Clerk

[SEAL: CIRCUIT AND SUPERIOR COURT, PORTER COUNTY, INDIANA]

**PREPARATION DATA:**
All Summons are to be prepared in triplicate with the original of each to be placed in the Court file with two copies available for service.
If service is by certified mail, a properly addressed envelope shall be provided for each Defendant.
Certified mail labels and return receipts must also be furnished for each mailing and the cause number must appear on each return receipt, which shall be returnable to the Clerk at the address of the Court.

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____; _____, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant, _____ by _____ mail, return receipt requested, at the address furnished by the Plaintiff.

Clerk of the Porter Circuit and Superior Courts

Dated: _____                                  By _____
                                                                Deputy Clerk

## RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____ was accepted by the Defendant on the day of _____, _____.

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT was returned not accepted on the _____ day of _____, _____.

Clerk of the Porter Circuit and Superior Courts

Dated: _____                                  By _____
                                                                Deputy Clerk

## RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1. By delivering on _____, _____, a copy of this SUMMONS and a copy of the COMPLAINT and all other materials filed the same date to each of the within named person(s).

2. By leaving on _____, _____, for each of the within named person(s) the SUMMONS and a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of in _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, and by mailing a copy of the SUMMONS without the COMPLAINT to the same named person(s) at the address listed therein.

3. This SUMMONS came to hand this date, _____, ____. The within named was not found in my bailiwick this date, _____, _____.

ALL DONE IN PORTER COUNTY, INDIANA.

SHERIFF OF PORTER COUNTY, INDIANA

By _____

## SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT and all materials filed the same date attached thereto were received by me at _____ in _____, Indiana, on this date, _____, _____.

_____
Signature of Defendant

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE PORTER SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF PORTER ) | | SITTING AT VALPARAISO, INDIANA |

RASHON RICHARDSON and )
LATARASHA FOY-RICHARDSON, )
    Plaintiffs, )
                                                           )
v.                                                )      CAUSE NO.: 64D05-2208-CT-006515
                                                   )
ARCELORMITTAL BURNS HARBOR LLC, )
ARCELORMITTAL USA LLC, )
CLEVELAND-CLIFFS BURNS HARBOR LLC, )
and CLEVELAND-CLIFFS STEEL LLC, )
    Defendants. )

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS ARCELORMITTAL INDIANA HARBOR LLC, ARCELORMITTAL USA LLC, CLEVELAND-CLIFFS BURNS HARBOR LLC, AND CLEVELAND-CLIFFS STEEL LLC

Plaintiffs, by counsel, propound the following Interrogatories to the Defendants, **ArcelorMittal Indiana Harbor LLC, ArcelorMittal USA LLC, Cleveland-Cliffs Burns Harbor LLC, and Cleveland-Cliffs Steel LLC** (collectively referred to as "Defendant" herein), pursuant to Trial Rule 33 of the Indiana Rules of Procedure, and requests that said Defendant fully answer said Interrogatories in writing and under oath, and that a signed and verified copy of answers to said Interrogatories be served upon Schwerd, Fryman & Torrenga, LLP, attorneys for Plaintiffs, within thirty (30) days. All of these Interrogatories shall be deemed continuing so as to require supplemental answers if further information is obtained between the time of service of the answers and the time of trial.

## DEFINITIONS

In answering these Interrogatories, Defendant accepts, and understands, the following Definitions, and shall be expected to respond accordingly:

1. "Plaintiffs" means Rashon Richardson and Latarasha Foy-Richardson.
2. "Answering Defendant" means ArcelorMittal Indiana Harbor LLC, ArcelorMittal USA LLC, Cleveland-Cliffs Burns Harbor LLC, and/or Cleveland-Cliffs Steel LLC.

1

3. "Incident" means the event alleged in Plaintiffs' Complaint to have caused Rashon Richardson and Latarasha Foy-Richardson's injury at ArcelorMittal-Burns Harbor on September 9, 2020.
4. "Train" means the ArcelorMittal train described in Plaintiffs' Complaint.
5. The word "documents" means all tangible things within the scope of Indiana Trial Rule 34, including but not limited to notes, papers, diaries, calendars, day timers, letters, correspondence, audio tapes, video tapes, photographs, receipts, checks, payments, contracts, agreements, reports, opinions, diagnoses, medical records, deposition transcripts, recorded recollections, memorandums, e-mails and all other tangible or electronic memorializations.
6. Where knowledge of information in possession of the Defendant is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, its attorneys.

## INTERROGATORIES

1. Regardless of whether you contend they were contributing causes of the events giving rise to this lawsuit, please state with specificity all gears, equipment, tackle, tools, materials, supplies and/or appurtenances involved in the events giving rise to this lawsuit, and identify all manufacturers, distributors, and operators of same.

    **ANSWER:**

2. Give the name, job title, employer, last-known residential address, and last-known residential telephone number of each person to whom the occurrences underlying this lawsuit were reported.

    **ANSWER:**

3. Give the name, job title and employer at the times and on the occasions in question, last known employer, last-known employer's address, last-known residential telephone number, and last-known residential address of each person who witnessed or was in the closest proximity to Plaintiffs when the underlying basis of this lawsuit occurred.

    **ANSWER:**

4. Did you own and control the Train on the date of the alleged incident on which this lawsuit is based (i.e. the train that struck the Plaintiffs)? If your answer is no, please identify the persons or entity who owned and who controlled the Train on said date.

    **ANSWER:**

5. Did you operate the Train on the date of the alleged incident made the basis of this lawsuit? If your answer is no, please identify the person or entity who operated the Train on said date.

    **ANSWER:**

6.     Did you man (e.g. did you employ the engineer or person in control) the Train on the date of the alleged incident made the basis of this lawsuit? If your answer is no, please identify the person or entity who manned the Train on said date.

    **ANSWER:**

7.     Was the Train under charter or lease at the time of the alleged incident involving the Plaintiffs? If your answer is in the affirmative, please identify all parties to said lease or charter.

    **ANSWER:**

8.     Were any individuals, companies, or entities other than those named in Plaintiffs' original Complaint involved in any manner in the incident made the basis of this suit? If your answer is in the affirmative, please identify said individuals, companies, or entities.

    **ANSWER:**

9.     If you claim that the alleged incident resulted from Plaintiffs' own contributory negligence, fault, lack of care, inattention to duties, or failure to take ordinary precautions commensurate with his own safety, please set forth fully and specifically the facts upon which you rely for those claims.

    **ANSWER:**

10.     Have you conducted an investigation into the cause or causes of the alleged incident in question? If your answer is in the affirmative, please identify each and every person conducting said investigation(s), the date(s) on which said investigation(s) were performed, and who was present during said investigation(s).

    **ANSWER:**

11.     State when, where and under what circumstances you first became aware that Plaintiffs were claiming to have sustained the injuries made the basis of this lawsuit.

    **ANSWER:**

12.     Do you possess any statements, whether signed or unsigned, written or otherwise, concerning facts relating to the incident made the basis of this lawsuit or the alleged injuries therefrom? If your answer is in the affirmative, identify each person from whom you possess a statement; state when and where each and every statement or statements were taken; and identify the person who took each such statement and by whom each person was employed at the time such statement was taken.

    **ANSWER:**

13.     Identify each person aboard the Train at the time of the alleged incident made the basis of this lawsuit and state whether these individuals were employed by you at that time. If each and every person aboard the Train at the time of Plaintiffs' injuries was not employed by you, identify those individuals not employed by you and state who employed them.

**ANSWER:**

14. If you contend that some person, thing, or entity other than either the Plaintiffs or Defendant(s), by some act or omission, caused or contributed to cause the alleged incident in question or the injuries allegedly resulting therefrom, no matter how slight or small the contribution, identify that person, entity, or thing with exact specificity (i.e. full name, address, phone number and any other identifying details known to you).

**ANSWER:**

15. If you contend that the alleged incident in question, or the injuries allegedly resulting therefrom, were caused in whole or in part by a pre-existing physical condition of the Plaintiffs', identify each such condition, and describe how each contributed thereto.

**ANSWER:**

16. State whether, subsequent to Plaintiffs' alleged incident, you or any other person, company, or entity to your knowledge made any repairs, additions, alterations, renovations, improvements, modifications, or performed any other work on the area or equipment (e.g. the Train) involved in the alleged incident. For each such alteration or instances of such work, state the date it was done, the names of all persons participating in the work to be done, the reason the work was to be done, and a description of all repairs, alterations, or work done.

**ANSWER:**

I affirm under the penalties for perjury, that the above and foregoing representations are true.

_____
Signature

_____
Printed name

_____
[INDICATE ANSWERING DEFENDANT(S):
ARCELORMITTAL INDIANA HARBOR LLC
and ARCELORMITTAL USA LLC, CLEVELAND-
CLIFFS BURNS HARBOR, LLC, AND/OR
CLEVELAND-CLIFFS STEEL, LLC]

ITS: _____
         (*title*)

4

By: *[signature]*
_____
BENJAMIN D. FRYMAN, #25577-64
SCHWERD, FRYMAN & TORRENGA, LLP
Attorneys for Plaintiff
825 E. Lincolnway
Valparaiso, Indiana 46383
(219) 841-5683

**Certificate of Service**

*I certify that on the 8th day of August, 2022, service of a true and accurate copy of the above pleading or paper was served upon each party or attorney of record by first class Certified U.S. Mail in envelopes properly addressed and with sufficient postage affixed.*

By: *[signature] Sarah L. Norris*



# SCHWERD, FRYMAN & TORRENGA, LLP
### ATTORNEYS

825 E. LINCOLNWAY
VALPARAISO, INDIANA
TEL (219) 841-5683
FAX (219) 841-5684
INFO@SFTLAWYERS.COM

ROBERT M. SCHWERD
BENJAMIN D. FRYMAN

BRENT A. TORRENGA (1980-2017)

August 8, 2022

VIA CERTIFIED MAIL

ARCELORMITTAL BURNS HARBOR LLC
c/o C T CORPORATION SYSTEM
334 North Senate Avenue
Indianapolis, Indiana 46204

ARCELORMITTAL USA LLC
c/o C T CORPORATION SYSTEM
334 North Senate Avenue
Indianapolis, Indiana 46204

CLEVELAND-CLIFFS BURNS HARBOR LLC
c/o C T CORPORATION SYSTEM
334 North Senate Avenue
Indianapolis, Indiana 46204

CLEVELAND-CLIFFS STEEL LLC
c/o C T CORPORATION SYSTEM
334 North Senate Avenue
Indianapolis, Indiana 46204

> Re: *Rashon Richardson and Latarasha Foy-Richardson v. Arcelormittal Burns Harbor LLC, Arcelormittal USA LLC, Cleveland-Cliffs Burns Harbor LLC, and Cleveland-Cliffs Steel LLC*
> *Cause No.: 64D05-2208-CT-006515*

To Whom It May Concern:

Attached please find a file-stamped Complaint, Summons, Plaintiffs' First Set of Interrogatories, and CD containing an electronic version of the Interrogatories pursuant to Trial Rules. Please forward same to your attorney. We look forward to receiving your Answers to Interrogatories within thirty (30) days.

If you have any questions or concerns, please feel free to contact me.

Sincerely,

**Schwerd, Fryman & Torrenga, LLP**

Benjamin D. Fryman
BDF/slf
Enclosures

**Wolters Kluwer**

**CT Corporation**
Service of Process Notification
08/12/2022
CT Log Number 542103990

## Service of Process Transmittal Summary

**TO:** Shelly Hillyer
CLEVELAND-CLIFFS INC.
200 Public Sq Ste 3300
Cleveland, OH 44114-2315

**RE:** Process Served in Indiana

**FOR:** Arcelormittal USA LLC  (Former Name)  (Domestic State: DE)
Cleveland-Cliffs Steel LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RASHON RICHARDSON and LATARASHA FOY-RICHARDSON // To: Cleveland-Cliffs Steel LLC |
| **CASE #:** | 64D052208CT006515 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | C T Corporation System, Indianapolis, IN |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 08/12/2022 |
| **JURISDICTION SERVED:** | Indiana |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Shelly Hillyer  Shelly.Hillyer@ClevelandCliffs.com |
| | Email Notification,  Madeline Costanzo  Madeline.Costanzo@ClevelandCliffs.com |
| | Email Notification,  Christine Robek  christine.robek@aksteel.com |
| | Email Notification,  Angie Gomez  angie.gomez@clevelandcliffs.com |
| | Email Notification,  Jason Veloso  Jason.Veloso@ClevelandCliffs.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
334 North Senate Avenue
Indianapolis, IN 46204
866-331-2303
CentralTeam1@wolterskluwer.com |
| **REMARKS:** | This SOP contains items that require physical delivery |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1


**CT**
a Wolters Kluwer business

To Whom It May Concern:

Please note a CD-ROM was attached at the time of service. Unfortunately CT is unable to open the contents. Consequently the CD-ROM will be sent to you via hard copy.

Thank You!

**CERTIFIED MAIL**

7016 3010 0000 1347 8269

$9.17
US POSTAGE
FIRST-CLASS
FROM 46383
AUG 08 2022
stamps
endicia

Schwerd, Fryman & Torrenga, LLP
825 E. Lincolnway
VALPARAISO, IN 46383

ARCELORMITTAL USA LLC
c/o CT Corporation System
334 N SENATE AVE
INDIANAPOLIS IN 46204-1708

**Wolters Kluwer**

CT Corporation
Service of Process Notification
08/12/2022
CT Log Number 542103982

## Service of Process Transmittal Summary

**TO:** Shelly Hillyer
CLEVELAND-CLIFFS INC.
200 Public Sq Ste 3300
Cleveland, OH 44114-2315

**RE:** Process Served in Indiana

**FOR:** CLEVELAND-CLIFFS BURNS HARBOR LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RASHON RICHARDSON and LATARASHA FOY-RICHARDSON // To: CLEVELAND-CLIFFS BURNS HARBOR LLC |
| **CASE #:** | 64D052208CT006515 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Indianapolis, IN |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 08/12/2022 |
| **JURISDICTION SERVED:** | Indiana |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Shelly Hillyer  Shelly.Hillyer@ClevelandCliffs.com |
| | Email Notification,  Madeline Costanzo  Madeline.Costanzo@ClevelandCliffs.com |
| | Email Notification,  Christine Robek  christine.robek@aksteel.com |
| | Email Notification,  Angie Gomez  angie.gomez@clevelandcliffs.com |
| | Email Notification,  Jason Veloso  Jason.Veloso@ClevelandCliffs.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
334 North Senate Avenue
Indianapolis, IN 46204
866-331-2303
CentralTeam1@wolterskluwer.com |
| **REMARKS:** | This SOP contains items that require physical delivery |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1



CT
a Wolters Kluwer business

To Whom It May Concern:

Please note a CD-ROM was attached at the time of service. Unfortunately CT is unable to open the contents. Consequently the CD-ROM will be sent to you via hard copy.

Thank You!



7016 3010 0000 1347 8238

$9.17⁰
US POSTAGE
FIRST-CLASS
FROM 46383
AUG 08 2022
stamps
endicia

Schwerd, Fryman & Torrenga, LLP
825 E. Lincolnway
VALPARAISO, IN 46383

CLEVELAND CLIFFS BURNS HARBOR, LLC
c/o CT Corporation System
334 N SENATE AVE
INDIANAPOLIS IN 46204-1708